UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE J. K. GOLDSTEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV1021 JAR |
| ) | |
| MEDIA MANAGEMENT, INC. and ) | |
| THOMAS E. BRIDGE, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Motion to Dismiss Count IV, Count V, and Count VI of its Petition/Complaint Without Prejudice and to Transfer this Case to State Court. ("Motion"; ECF No. 9).[1]  Defendants filed their Response to Plaintiff's Motion to Dismiss Count IV, Count V, and Count VI of its Petition/Complaint Without Prejudice and to Transfer to State Court ("Response"), ECF No. 11.  Plaintiff has not filed a reply brief but the time for filing a reply brief has expired.  (E.D. Mo. L.R. 4.01(C)).  This motion is fully briefed and ready for disposition.

# BACKGROUND

Plaintiff commenced this action in the Circuit Court of St. Louis County, Missouri.  (ECF No. 1, ¶1; ECF No. 7).  In the First Amended Petition, Plaintiff alleges claims for Breach of Contract (Count I), State Law Breach of Fiduciary Duty (Count II), Retaliatory and Wrongful Discharge Under State Law (Count III), Breach of Fiduciary Duty Under Federal Law (Count IV), and Retaliatory Discharge Under Federal Law (Count V).  (First Amended Petition ("Complaint" or "Compl."), ECF No. 7).  On June 8, 2012, Defendants filed their Notice of Removal with this Court.

---

[1] The Court notes that Defendants' Motion to Stay Litigation and Compel Arbitration (ECF No. 3) and Motion to Dismiss (ECF No. 4) are pending, but the Court's determination on the Motion to Dismiss/Transfer is dispositive and the Court need not reach the other pending motions.

(ECF No. 1).  Therein, Defendants claimed that this Court had original jurisdiction over Plaintiff's claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1002, *et seq.*, in Counts III-IV, pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over his state law claims in Counts I and II, pursuant to 28 U.S.C. §1367.  (ECF No. 1, ¶6).

## DISCUSSION

**A.     Dismissal of Counts IV, V, and VI**

In his Motion, Plaintiff asks this Court to dismiss Counts IV, V, and VI, and remand his remaining claims to state court.  Defendants do not object to the dismissal of Counts IV, V, and VI, but claim that this Court retains subject matter jurisdiction because Counts II and III present federal questions.[2]

Because neither party objects to their dismissal, the Court hereby dismisses Counts IV, V, and VI, without prejudice.

**B.     Legal Standard for Motion for Remand**

"Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand."  Manning v. Wal-Mart Stores East, Inc., 304 F. Supp. 2d 1146, 1148 (E.D.Mo. 2004)(citing Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997)).  The party seeking removal and opposing remand has the burden of establishing jurisdiction.  Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, 561 F.3d 904, 912 (8th Cir. 2009).

Federal question jurisdiction, under 28 U.S.C. § 1331, exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Federal question jurisdiction can also be obtained if the right to relief

---

[2]Neither party claims that this Court has federal question jurisdiction over Plaintiff's Breach of Contract claim (Count I).

- 2 -

depends on the resolution of a substantial question of federal law.  See Williams v. Ragnone, 147 F.3d 700, 702 (8th Cir. 1998) (citing Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983)).  However, the plaintiff's well-pleaded complaint controls federal question jurisdiction, not any defense that may be brought by the defendant.  Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908).  Thus, "a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law."  Franchise Tax Bd., 463 U.S. at 10 (emphasis in original).

Plaintiff claims that Counts I, II, and III (the remaining claims) do not present questions of federal law and remand is proper.  (Motion, ¶8).  Defendants assert that Counts II and III assert claims that are preempted by ERISA and, therefore, this Court retains subject matter jurisdiction.  (Response, *passim*).

**C.     Count II**

In Count II, Plaintiff alleges a state law claim for breach of fiduciary duty.  (Compl., ¶¶11-29).  Plaintiff alleges that Defendant Media Management, Inc. ("MMI"), controlled by Defendant Thomas Bridge, failed to pay Plaintiff the bonus compensation he was entitled for the years 2009-2011.  (Id., ¶¶19-20).  Plaintiff alleges that MMI and BRIDGE created a retirement or savings plan whereby funds were withheld from Plaintiff's payroll and deposited into the account. (Id., ¶¶19-21).  Bridge acted as a fiduciary under the plan. (Id., ¶21).  Plaintiff states that MMI and BRIDGE owed a fiduciary duty to safeguard the funds withheld from his paycheck, but that they breached that duty by converting those funds for their own benefit from 2009-2011.  (Id., ¶¶22, 23).  Plaintiff states that he demanded the funds be deposited into Plaintiff's account, but that Defendants failed to do so until early 2012. (Id., ¶¶25-26).  Instead of paying Plaintiff these funds, Plaintiff alleges that Defendants terminated his employment. (Id., ¶¶27-28).  Plaintiff alleges that "[h]ad Defendants not wrongfully

failed and refused to pay the bonus compensation to which Plaintiff was entitled from 2009 through 2011, Plaintiff would have received additional contributions to that retirement plan." (Id., ¶24).

Defendants claim that Plaintiff's claim in Count II for breach of fiduciary duty is preempted by ERISA. (Response, p. 1) (citing Councell v. Homer Laughlin China Co., 823 F. Supp. 2d 370, 375 (N.D. W. Va. 2011)).[3] Section 1132(a)(1)(B) provides that a beneficiary may bring a civil action in federal court to recover benefits due to him or her under the terms of an employee benefit plan. As relevant, Section 1144(a) provides that ERISA preempts state laws insofar as they "relate to any employee benefit plan." When considering the application of ERISA's preemption provision, a state law "relates to" an employee benefit plan if it has a connection with or reference to such a plan. See Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739 (1985) (citation omitted); Estes v. Fed. Express Corp., 417 F.3d 870, 872 (8th Cir. 2005)(Plaintiff's "state law claims are preempted if the claims relate to an employee benefit plan, 29 U.S.C. § 1144(a), such that they [1] have a connection with or [2] reference to such a plan.")(internal citations omitted).[4] Courts consistently "opt[] for preemption in common law tort claims when the essence of the cause of action rests on the denial of benefits." Jones v. Kum & Go, LC, No. 4:09cv0419 TCM, 2010 U.S.

---

[3]In Councell, the court held that "all claims alleging under state law that an 'employer wrongfully terminated plaintiff primarily because of the employer's desire to avoid contributing to, or paying benefits under' the covered employee benefit plan are completely preempted by ERISA." 823 F. Supp. 2d 370, 376 (N.D. W. Va. 2011)(quoting Ingersoll Rand Co. v. McClendon, 498 U.S. 133, 140 (1990)). That is not what Plaintiff alleges in Count II.

[4]The Eighth Circuit has identified the following seven factors that should be considered: (1) whether the state law negates an ERISA plan provision, (2) whether the state law affects relations between primary ERISA entities, (3) whether the state law impacts the structure of ERISA plans, (4) whether the state law impacts the administration of ERISA plans, (5) whether the state law has an economic impact on ERISA plans, (6) whether preemption of the state law is consistent with other ERISA provisions, and (7) whether the state law is an exercise of traditional state power. Shea v. Esensten, 208 F.3d 712, 718 (8th Cir.2000) (citing Ark. Blue Cross & Blue Shield v. St. Mary's Hosp., Inc., 947 F.2d 1341, 1344-45 (8th Cir.1991)).

Dist. LEXIS 34186, at *8 (E.D. Mo. Apr. 7, 2010)(citing California Div. Of Labor Standards Enforcement v. Dillingham Const., N.A., Inc., 519 U.S. 316, 324-25 (1997)).

In their Notice of Removal, however, the Defendants indicated that Count II did not present a federal question. Therein, Defendants asked this Court to exercise supplemental jurisdiction over Count II. See ECF No. 1, ¶6. Likewise, in their Motion to Dismiss, Defendants argued that Count II should be dismissed because Defendants owed no fiduciary duty to Plaintiff under state law. That is, Defendants argued that Plaintiff could not state a claim for breach of fiduciary duty for failing to pay bonus compensation pursuant to a contract. (Memorandum of Law in Support of Defendants' Motion to Dismiss ("Dismiss Memorandum"), ECF No. 5, p. 4).[5]

Construing "any doubts about the propriety of removal" in favor of state court jurisdiction, the Court finds that Count II does not arise under federal law. Manning, 304 F. Supp. 2d at 1148. While Count II may be subject to a motion to dismiss under state law, Plaintiff's claim, as currently pled, does not allege an ERISA violation. Plaintiff alleges that Defendants took payments that were supposed to be directed to his retirement plan and used them for their own benefit. Although the target retirement plan may (or may not)[6] have been an ERISA-governed plan, the essence of Plaintiff's cause of action for breach of fiduciary duty seems based in conversion and does not implicate ERISA. Plaintiff alleges that Defendants failed to deposit any funds in a retirement account until 2012, not that he was denied benefits pursuant to an ERISA-governed plan. "Such an adjudication [of Plaintiff's claim] does not require interpretation and application of ERISA law, or the review of any ERISA plan." Blankenship v. Phila. Indem. Ins. Co., No. 4:12CV293SNLJ, 2012

---

[5]Defendants also argued that "any state law claim for breach of fiduciary duty in late payment of contributions is pre-empted by ERISA." (Dismiss Memorandum, pp. 4-5). This claim is not expressly stated in Count II.

[6]Plaintiff does not allege that the retirement plan in Count II was an ERISA-governed plan.

- 5 -

U.S. Dist. LEXIS 123474, at *10 (E.D. Mo. Aug. 30, 2012). The Court finds that Count II is not preempted by ERISA.

**D.     Count III**

In Count III, Plaintiff claims that he was wrongfully terminated for demanding payment of his retirement savings funds and payment of his compensation bonuses. (Compl., ¶¶30-50). Defendants claim that Count III is preempted because "[c]laims against fiduciaries alleging a breach of fiduciary duty in connection with an ERISA plan are pre-empted." (Response, p. 2 (citing Eckelkamp v. Beste, 315 F.3d 863, 870 (8th Cir. 2002)).[7]

The Court finds that Count III does not arise under ERISA. While Plaintiff alleges that his termination "was connected with and related to his rights under a company-sponsored retirement savings plan" (ECF No. 7, ¶48), Plaintiff's allegations are merely for wrongful termination and do not require the Court to interpret ERISA. See Blankenship, 2012 U.S. Dist. LEXIS 123474, at *10. Plaintiff's claim is different from a wrongful termination claim where the employer terminated the employee to avoid complying with ERISA.  See, e.g., Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 140 (1990)(holding that a claim that the employer wrongfully terminated plaintiff primarily because of the employer's desire to avoid contributing to, or paying benefits under, the employee's pension fund "relate[s] to" an ERISA-covered plan within the meaning of § 514(a), and is therefore pre-empted); Haynes v. BIS Frucon Eng'g, Inc., No. 4:08-CV-701 CAS, 2008 U.S. Dist. LEXIS 62025, at *9 (E.D. Mo. Aug. 14, 2008)(wrongful termination claim was preempted by ERISA where complaint alleged that plaintiff was wrongfully discharged from employment to prevent him from fully vesting in the plan); Alwin v. Sprint Communications Co. Ltd. Partnership, 870 F. Supp. 275,

---

[7]In Eckelkamp, the Eighth Circuit held that the district court properly found that plaintiffs' claim under Missouri law that individual defendants breached fiduciary duties owed to the corporation under Missouri law by paying themselves excessive salaries was preempted by ERISA. 315 F.3d at 869. This is not alleged in Count III.

277 (D. Minn. 1994)(wrongful termination claim was preempted by ERISA where plaintiff alleged that her employer terminated her to avoid paying long-term disability benefits).  Here, Plaintiff alleges that he was terminated for complaining that Defendants did not make the contractually-required payments, not that he was denied some right established by ERISA.  The Court holds that Plaintiff's state law wrongful termination claim is not preempted by ERISA.

Having found that Counts II and III are not preempted by ERISA, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims and remands this action to the Circuit Court of St. Louis County.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Count IV, Count V, and Count VI of its Petition/Complaint Without Prejudice and to Transfer this Case to State Court [9] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the County of St. Louis, State of Missouri.  An appropriate Order of Remand will accompany this Order.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay Litigation and Compel Arbitration [3] and Defendants' Motion to Dismiss [4] are **DENIED** as moot.

Dated this 9th day of October, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE